UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JPMORGAN CHASE BANK, N.A.,  Case No. 3:16cv 140 VLB
    Plaintiff,

vs.

SHERI SPEER,
    Defendant.

### NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant, SHERI SPEER, hereby removes the following state court action to this Court under 28 U.S.C. § 1441, et seq.:

**JPMORGAN CHASE BANK, N.A., Plaintiff, vs. SHERI SPEER, Defendant,**
**Superior Court, Judicial District of New London,**
**Docket No. KNL-CV09-5012136-S**

1. This action is a civil action over which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332, and which may be removed to the Court pursuant to 28 U.S.C. § 1441.

2. The parties are of diverse citizenship.

3. Plaintiff, JPMORGAN CHASE BANK, N.A., is a corporation created and existing under the laws of the State of Ohio with its principal place of business in Ohio.

4. Plaintiff, U.S. BANK TRUST, N.A., is a corporation created and existing under the laws of the State of Delaware with its principal place of business in Delaware.

5. Defendant is a resident of the State of Connecticut.

6. Complete diversity jurisdiction between the parties exists. The amount in controversy requirement is met, and the Court has diversity jurisdiction under 28 U.S.C. § 1332.

7. Furthermore, the Court also has jurisdiction pursuant to the federal Home Affordable Modification Program (HAMP), 12 U.S.C. § 5201, et seq.

8. The applicability of HAMP in this lawsuit raises federal question jurisdiction. *See, e.g., Moreno v. Select Portfolio Servicing, Inc.*, 2010 WL 2525980, 2010 U.S. Dist. LEXIS 68012, at * 25 n. 2 (E.D. Cal. June 23, 2010) (citing *Williams v. Geithner*, 2009 WL 3757380, 2009 U.S. Dist. LEXIS 104096 (D. Minn. Nov. 9, 2009)).

9. 28 U.S.C. § 1446(b) identifies two 30-day periods for removing a case. *See* 28 U.S.C. § 1446(b); *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) ("The general removal statute [28 U.S.C. § 1446(b)] delineates two 30-day periods during which removal may occur."). To trigger the first 30-day period, the facts supporting removal must appear on the face of the complaint. *See id.* at (b)(1). To trigger the second 30-day period, a defendant must receive a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. *See id.* at (b)(3).

10. If grounds for removal are not clear from the face of an initial pleading or a subsequent document, a defendant's subjective knowledge of the relevant facts does not trigger either 30-day period for removal. *See Grunberger Jewelers v. Leone*, 2003 WL 21488752, 2003 U.S. Dist. LEXIS 10768, * 4 (D. Conn. June 25, 2003) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

11. Further, a defendant has no independent duty to investigate whether a case is removable. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001). Although a defendant must "apply a reasonable amount of intelligence in ascertaining removability," it need

not "look beyond the initial pleading for facts giving rise to removability." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (quoting Whitaker, 261 F.3d at 206).

12. Thus, where "removability is not apparent from the allegations of an initial pleading or subsequent document, the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered." *Cutrone*, 749 F.3d at 143 (2d Cir. 2014); *accord Moltner*, 624 F.3d at 37 ("[T]he 30-day period did not begin to run until the defendant received the first document from which **all** of the facts giving rise to removability were evident.") (Emphasis added).

13. Here, Plaintiff's allegations in the state court complaint and subsequent filings do not contain sufficient information for Defendant to ascertain removability under 28 U.S.C. §§ 1446(b)(1) or (b)(3). Thus, the 30-day periods identified in 28 U.S.C. § 1446(b) are not triggered. *See Cutrone*, 749 F.3d at 143. Removal of this action is timely filed within 30-days of the date on which Plaintiff first realized based on her own investigation that diversity and subject matter jurisdictional requirements for removal are met. *Id.* at 147 ("Section 1446(b) imposes a time limit only in cases in which the plaintiff's initial pleading or subsequent document has explicitly demonstrated removability. Defendants are permitted to remove outside of these periods when the time limits of 28 U.S.C. § 1446(b) are not triggered.") (Emphasis in original).

14. Removal is also timely under 28 U.S.C. §§ 1446 and 1452, as it is filed within 30 days after docketing of two final *Orders*, docketed by the Superior Court, Judicial District of New London, on January 19, 2016 (184.01, 187.01).

15. Pursuant to 28 U.S.C. § 1446, a copy of all process, pleadings, and orders served upon the Defendant in the state court action is being submitted with this Notice.

16. Pursuant to 28 U.S.C. § 1446, a *Notice of Filing Notice of Removal* will be promptly filed with the Superior Court, Judicial District of New London, on January 29, 2016.

WHEREFORE, Defendant, SHERI SPEER, hereby gives notice that the state court action identified above has been removed to the United States District Court, District of Connecticut.

Respectfully submitted,

_____
SHERI SPEER, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this notice was: filed by hand-delivery with the Clerk of the Superior Court, Judicial District of New London, on January 29, 2016; and sent by U.S. Mail to the following parties on or before January 29, 2016.

Bendett & McHugh
160 Farmington Ave
Farmington, CT 06032

_____
SHERI SPEER, Pro Se
151 Talman Street, Norwich, CT 06360
(860) 213-2836